# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| LESLIE YOFFIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12-cv-2307 |
| | ) | |
| BAYER HEALTHCARE LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1446 and 1453(b), Defendant Bayer HealthCare, LLC ("Bayer") hereby removes the state court action entitled *Leslie Yoffie v. Bayer HealthCare, LLC*, Case No. 12SL-CC04019, to the United States District Court for the Eastern District of Missouri. This action was filed in the Circuit Court of the County of St. Louis in the State of Missouri on October 22, 2012, and served on Bayer on November 14, 2012. This removal is timely because it has been filed no later than 30 days after service, as required by 28 U.S.C. § 1446(b). Pursuant to Section 1446(a), a copy of all process, pleadings, and orders in the state court action is filed with this Notice at Exhibit 1.

In support of removal, Bayer states as follows:

1. Bayer hereby removes to this Court the state court action described below pursuant to 28 U.S.C. § 1441 because plaintiff's Complaint could have been originally filed in this Court pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA").

## BACKGROUND

2.      Plaintiff Leslie Yoffie ("Yoffie") is, at all times relevant hereto, a resident of St. Louis County, Missouri.  *See* Complaint ("Compl.") ¶ 15.  Yoffie alleges she purchased Bayer Aspirin for personal, family, or household purposes and discarded and replaced it after its expiration date.  *Id.*  Plaintiff's action is brought individually and on behalf of a putative class consisting of "[a]ll Missouri citizens who purchased Bayer Aspirin for personal, family, or household purposes and later discarded and replaced it."  *Id.* ¶ 66.  "Excluded from the proposed Class are Defendant, their Officers, Directors, and employees, as well as employees of any subsidiary, affiliate, successors, or assignees of Defendant.  Also excluded is any trial judge who may preside over this case."  *Id.*

3.      Plaintiff's Complaint alleges that Bayer deceived consumers into prematurely discarding Bayer Aspirin.  *Id.* ¶ 1.[1]  Plaintiff alleges such action violated the Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407;010 *et seq.* ("MMPA"), and constituted a civil conspiracy.  Compl. ¶ 11.

## JURISDICTION UNDER CAFA

4.      Section 1332(d) provides that the United States District Courts have original jurisdiction over any class action:  (1) involving a plaintiff class of 100 or more members, (2) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs, and (3) where at least one member of the plaintiff class is a

---

[1] Similar lawsuits against the manufacturers of Tylenol and Advil were recently filed and also removed to this District. *See Raskas v. Johnson & Johnson, et al.*, 4:12-cv-02174 (E.D. Mo., filed Nov. 20, 2012) (Hamilton, J.); *Levy v. Pfizer, Inc.*, 4:12-cv-02266 (E.D. Mo. filed Dec. 7, 2012) (Autrey, J.). Defendant in *Levy* has noted that the *Raskas* case is a related case. *See Levy*, at Dkt. Nos. 1-4, 1-5. Bayer believes that this case is also related to *Raskas* in that it raises substantially similar issues and that consideration of those issues by the same judge will result in substantial judicial efficiency.

citizen of a State different from any defendant. *See* U.S.C. § 1332(d)(2)(A) & (5)(B). All three conditions are satisfied in this case.

5. First, while plaintiff's class definition makes it difficult or impossible to identify the members of the putative class without examining the individualized circumstances surrounding the purchase and use (and disposal) of Bayer Aspirin by each Missouri citizen in the proposed class, plaintiff's Complaint facially meets the jurisdictional requirement that the purported class involve 100 or more members. Plaintiff brings the action on behalf of "[a]ll Missouri citizens who purchased Bayer Aspirin for personal, family, or household purposes and later discarded and replaced it." Compl. ¶ 66. Plaintiff further alleges that the class includes "numerous consumers, the joinder of whom is impracticable, both because they are geographically dispersed across the state and because of their numbers." *Id*. ¶ 67.

6. Second, while plaintiff's Complaint does not specify the alleged damages suffered by the putative class, the inescapable conclusion from the allegations in the Complaint and the relief sought is that the sum value of the matter in controversy exceeds (in the aggregate) $5,000,000. Plaintiff seeks both compensatory and punitive damages, as well as equitable relief, for each count in the Complaint. *See* Compl., Prayer for Relief, ¶¶ (C)-(G). Plaintiff alleges that she and the putative class members suffered loss of money or property when they discarded the subject medication after the FDA-mandated expiration date on the packaging. Compl. ¶ 66. A conservative estimate of the retail value of Bayer Aspirin sales in the State of Missouri during the last five years is approximately $19.8 million. Declaration of Richard Kloenne ("Kloenne Decl.") (Ex. 2) ¶ 5. *See also* Mo. Rev. Stat. §§ 407.010 *et seq*.; *id*. § 516.120 (providing for a

3

five-year statute of limitations).[2]  While the defined class does not include all Missouri consumers who purchased the medication – and while plaintiff has not offered a theory for determining any ascertainable loss under the MMPA – the total product sales during the limitations period make it clear that the amount in controversy for the putative class exceeds $5,000,000, because Plaintiff also requests punitive damages and equitable relief.

7.	Punitive damages must be included when determining the amount in controversy, even though Bayer denies that an award of punitive damages would be appropriate.  *See Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992) (citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.")).  If punitive damages were awarded at a ratio of 1:1 to compensatory damages, and assuming that the measure of compensatory damages is the retail value of the sales, then the amount in controversy doubles from $19.8 million to $39.6 million.  *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 424-25 (2003) (holding single-digit multipliers for punitive damages "more likely to comport with due process").

8.	Equitable relief should be considered for jurisdictional purposes based on the value of the relief to plaintiff and the putative class members.  *See Chochorowski v. Home Depot USA*, 585 F. Supp. 2d 1085, 1094 (E.D. Mo. 2008) (suggesting that the appropriate measurement is "the value to the plaintiff of the right sought to be enforced") (citing *Burns v. Mass. Mut. Life Ins. Co.*, 820 F.2d 246, 248 (8th Cir. 1987)).  Here, plaintiff appears to contend that the equitable

---

[2] The allegations of the Complaint refer to "Bayer Aspirin" as the product at issue, but do not specify which Bayer Aspirin product plaintiff purchased, discarded, and replaced.  There were several different Bayer Aspirin products sold in Missouri during the relevant time.  Kloenne Decl. ¶ 4.  For purposes of this Notice of Removal, Bayer assumes that plaintiff purports to represent Missouri residents who purchased any Bayer Aspirin product, but does not concede that plaintiff has standing to assert claims relating to any product that she did not purchase.

relief sought – the disclosure of "the meaning of the 'expiration dates' printed on the packages" and other information, Compl., Prayer for Relief, ¶ (C), will eliminate future losses by saving class members from discarding unused medication after its expiration date passes. The value of this relief for jurisdictional purposes would be significant. Adding the value of equitable relief to compensatory and punitive damages confirms that the amount-in-controversy threshold is met in this case.

9. Third, at least one member of the plaintiff class is a citizen of a State different from the defendant. Plaintiff, Leslie Yoffie, is a citizen of St. Louis County, Missouri. Compl. ¶ 15. The members of the putative class are also citizens of Missouri. Compl. ¶ 66. Bayer is a Delaware limited liability company whose sole member is Bayer Corporation. Bayer Corporation is an Indiana corporation with its principal place of business in Pennsylvania. *See* 28 U.S.C. § 1332(c)(1); *Zambelli Fireworks v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (limited liability company's citizenship is determined by the citizenship of its members).

## VENUE

10. Removal to this Court is proper under 28 U.S.C. § 1441(a) because this district and division embrace the Circuit Court of the County of St. Louis in the State of Missouri, the forum in which the removed action was pending.

## NOTICE

11. Concurrently with the filing of this Notice, Bayer will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the County of St. Louis in the State of Missouri.

12. The contents of Exhibit 1 constitute the entire file of the action in the Circuit Court of the County of St. Louis in the State of Missouri.

Dated:  December 14, 2012

/s/ Terry Lueckenhoff
Terry Lueckenhoff, #27810MO
Fox Galvin, LLC
One S. Memorial Drive, 12th Floor
St. Louis, MO  63102
314-588-7000
314-588-1965 (Facsimile)
tlueckenhoff@foxgalvin.com

Eugene A. Schoon
Elizabeth M. Chiarello
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
312-853-7000
312-853-7036
eschoon@sidley.com
echiarello@sidley.com

*Attorneys for Defendant Bayer HealthCare LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record and sent via U.S. Mail, postage prepaid, to:

Richard S. Cornfeld
Law Office of Richard S. Cornfeld
1010 Market Street, Suite 1605
St. Louis, MO 63101
rcornfeld@cornfeldlegal.com

*Attorneys for Plaintiff*

/s/ Terry Lueckenhoff

6